UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GEORGE A. BINGAMAN, | ) |
| | ) No. CV-09-271-CI |
| Plaintiff, | ) |
| | ) |
| v. | ) ORDER GRANTING PLAINTIFF'S |
| | ) MOTION FOR SUMMARY JUDGMENT |
| MICHAEL J. ASTRUE, | ) AND REMANDING FOR ADDITIONAL |
| Commissioner of Social | ) PROCEEDINGS PURSUANT TO |
| Security, | ) SENTENCE FOUR 42 U.S.C. § |
| | ) 405(g) |
| Defendant. | ) |
| | ) |

BEFORE THE COURT are cross-Motions for Summary Judgment (Ct. Rec. 14, 19.) Attorney Rebecca M. Coufal represents Plaintiff; Special Assistant United States Attorney Richard A. Morris represents Defendant. The parties have consented to proceed before a magistrate judge. (Ct. Rec. 8.) After reviewing the administrative record and briefs filed by the parties, the court **GRANTS** Plaintiff's Motion for Summary Judgment and **DENIES** Defendant's Motion for Summary Judgment.

**JURISDICTION**

Plaintiff George A. Bingaman (Plaintiff) protectively filed for supplemental security income (SSI) on June 20, 2007. (Tr. 96, 108, 149.) Plaintiff alleged an onset date of December 1, 1992. (Tr. 12, 48.) Plaintiff later amended the alleged onset date to February 1, 2002. (Tr. 48.) Benefits were denied initially and on reconsideration. (Tr. 64, 74.) Plaintiff requested a hearing before an administrative law judge (ALJ), which was held before ALJ R.S.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -1

Chester on March 4, 2010. (Tr. 24-61.) Plaintiff was represented by counsel and testified at the hearing. (Tr. 26-46.) Vocational expert K. Diane Kramer also testified. (Tr. 46-56.) The ALJ denied benefits (Tr. 12-21) and the Appeals Council denied review. (Tr. 1.) The instant matter is before this court pursuant to 42 U.S.C. § 405(g).

## STATEMENT OF FACTS

The facts of the case are set forth in the administrative record and will, therefore, only be summarized here.

At the time of the hearing, Plaintiff was 62 years old. (Tr. 26.) Plaintiff has an AA in music and a college degree in communications. (Tr. 30.) Plaintiff testified he last worked sometime before 1999. (Tr. 27.) He has past work experience in telephone sales, as a radio DJ, and as a manager and assistant manager at a liquor store. (Tr. 27-29.) Plaintiff was taking medication for bipolar disorder at the time of the hearing. (Tr. 31.) He testified he has terrible short- and long-term memory problems and he tends to "blow up" at people. (Tr. 27, 44.) Plaintiff has degenerative joint disease at the base of his spine and in his hips. (Tr. 34.) He uses a four-point cane due to difficulty with balance. (Tr. 32-33.) Plaintiff said his doctor told him he has full advanced arthritis through every bone in his body. (Tr. 34-35.) He also has COPD. (Tr. 34.) He has pain 24 hours a day and testified he takes "a lot" of pain medication. (Tr. 37.)

## STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -2

*See Jones v. Heckler,* 760 F. 2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F. 3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (*citing* 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan,* 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services,* 846 F.2d 573, 576 (9th Cir. 1988). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze,* 348 F.2d 289, 293 (9th Cir. 1965). On review, the court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989) (*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Sec'y of Health and Human Services,* 839 F.2d 432, 433 (9th Cir. 1988). Thus,

if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

**SEQUENTIAL PROCESS**

The Social Security Act (the "Act") defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423 (d)(1)(A), 1382c (a)(3)(A). The Act also provides that a Plaintiff shall be determined to be under a disability only if his impairments are of such severity that Plaintiff is not only unable to do his previous work but cannot, considering Plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if he or she is engaged in substantial gainful activities. If the claimant is engaged in substantial gainful activities, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I).

If the claimant is not engaged in substantial gainful activities, the decision maker proceeds to step two and determines whether the

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -4

claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied.

If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404, Subpt. P, App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.

If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work he or she has performed in the past. If claimant is able to perform his or her previous work, the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual functional capacity ("RFC") assessment is considered.

If the claimant cannot perform this work, the fifth and final step in the process determines whether the claimant is able to perform other work in the national economy in view of his or her residual functional capacity and age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d

1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a physical or mental impairment prevents him from engaging in his or her previous occupation. The burden then shifts, at step five, to the Commissioner to show that (1) the claimant can perform other substantial gainful activity, and (2) a "significant number of jobs exist in the national economy" which the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## ALJ'S FINDINGS

At step one of the sequential evaluation process, the ALJ found Plaintiff has not engaged in substantial gainful activity since June 20, 2007, the application date. (Tr. 14.) At step two, he found Plaintiff has the following severe impairments: bipolar disorder, personality disorder, and degenerative disc disease of the cervical and lumbar spine. (Tr. 14.) At step three, the ALJ found Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. (Tr. 17.) The ALJ then determined:

> [C]laimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 416.967(a), with non-exertional environment limitations for no balancing as with unprotected heights, no moving machinery, and no airborne pollutants such as fumes, chemicals, odors, dust, etc. Non-exertional social limitation for only superficial contact with others, is also indicated.

(Tr. 18.) At step four, the ALJ found Plaintiff is capable of performing past relevant work. (Tr. 20.) Thus, the ALJ concluded Plaintiff has not been under a disability, as defined in the Social Security Act, since June 20, 2007, the date the application was filed. (Tr. 21.)

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -6

**ISSUES**

The question is whether the ALJ's decision is supported by substantial evidence and free of legal error. Specifically, Plaintiff asserts the ALJ: (1) improperly rejected the opinion of an examining psychologist; (2) did not establish the legal basis for a negative credibility finding; and (3) submitted an incomplete hypothetical to the vocational expert. (Ct. Rec. 15 at 12-20.) Defendant argues the ALJ: (1) properly evaluated the psychological opinions; (2) properly supported the credibility determination; and (3) made a proper step five finding.

**DISCUSSION**

**1. Credibility**

Plaintiff argues the ALJ did not provide the necessary legal basis in finding Plaintiff not credible. (Ct. Rec. 15 at 15.) In social security proceedings, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908. The effects of all symptoms must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptoms. 20 C.F.R. § 416.929.

Once medical evidence of an underlying impairment has been shown, medical findings are not required to support the alleged severity of the symptoms. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) If there is evidence of a medically determinable impairment likely to cause an alleged symptom and there is no evidence of malingering, the ALJ must provide specific and cogent reasons for rejecting a claimant's subjective complaints. *Id.* at 346. The ALJ may not

discredit pain testimony merely because a claimant's reported degree of pain is unsupported by objective medical findings. *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989). The following factors may also be considered: (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or between his testimony and his conduct; (3) claimant's daily living activities; (4) claimant's work record; and (5) testimony from physicians or third parties concerning the nature, severity, and effect of claimant's condition. *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002).

If the ALJ finds that the claimant's testimony as to the severity of pain and impairments is unreliable, the ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony. *Morgan v. Apfel*, 169 F.3d 599, 601-02 (9th Cir. 1999). In the absence of affirmative evidence of malingering, the ALJ's reasons must be "clear and convincing." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1038-39 (9th Cir. 2007); *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001); *Morgan*, 169 F.3d at 599. The ALJ "must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony." *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001)(citation omitted).

Plaintiff seems to suggest the ALJ provided no reasons for discrediting Plaintiff's pain testimony. (Ct. Rec. 15 at 18.) However, in assessing Plaintiff's subjective allegations of disability, the ALJ considered several factors. (Tr. 19.)

First, the ALJ observed that despite having previously applied for disability and the amended onset date of February 2002, there is

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -8

little medical evidence until 2006. (Tr. 19.) The ALJ is permitted to consider the claimant's lack of treatment in making a credibility determination. *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). The ALJ noted that before 2006, Plaintiff was not receiving any relevant medical treatment other than medication refills. (Tr. 14, 178-240.) The ALJ pointed out that medical records were so sparse that entries for multiple years were included on one page. (Tr. 14, 220-21, 223-26.) The relatively mild and stable course of treatment suggests Plaintiff's symptoms were well-controlled despite claims of disabling symptoms, which was reasonably considered by the ALJ in evaluating Plaintiff's credibility.

Second, the ALJ pointed out that despite repeated reports of bipolar symptoms and "blowing up" at people, the medical evidence is to the contrary. In making a credibility evaluation, the ALJ may rely on ordinary techniques of credibility evaluation. *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996). One strong indication of the credibility of an individual's statements is their consistency, both internally and with other information in the case record. S.S.R. 96-7p.[1] At a 2006 examination, Plaintiff could not describe a particular episode or instance of significant loss of control and appeared quite "well related" during the examination. (Tr. 246.) Plaintiff denied

---

[1] Social Security Rulings are issued to clarify the Commissioner's regulations and policy. They are not published in the federal register and do not have the force of law. However, under the case law, deference is to be given to the Commissioner's interpretation of the Regulations. *Ukolov v. Barnhart*, 420 F.3d 1002 n.2 (9th Cir. 2005); *Bunnell v. Sullivan*, 947 F.2d 341, 346 n.3 (9th Cir. 1991).

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -9

having any bipolar, depressive or manic symptoms and was able to relate well during examinations throughout the record. (Tr. 319, 322, 343, 350, 352.)  These factors were reasonably considered by the ALJ in evaluating Plaintiff's credibility.

Next, the ALJ pointed to a psychiatric evaluation which suggests Plaintiff is able to work in spite of social limitations. (Tr. 19.) While subjective pain testimony may not be rejected solely because it is not corroborated by objective medical findings, the medical evidence is a relevant factor in determining the severity of a claimant's pain and its disabling effects. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); 20 C.F.R. § 416.929(c)(2).  In October 2006, Dr. Addes completed a psychiatric evaluation and concluded that Plaintiff had moderate to marked limitations in the ability to relate and interact with coworkers and the public by history, but noted he was able to relate to her during the examination. (Tr. 247.) Additionally, Dr. Addes specifically opined that Plaintiff would be able to accept instruction from supervisors, maintain regular attendance and perform work activities consistently, and to associate with day-to-day work activity. (Tr. 247.)  Dr. Addes' findings are inconsistent with Plaintiff's statements that he is unable to work due to his mental limitations, and the ALJ properly considered the psychiatric evidence in assessing Plaintiff's credibility.

The ALJ also specifically considered Plaintiff's statements regarding his back and neck pain. (Tr. 19.)  In June 2008, Plaintiff told Dr. Margraf, his treating physician, that his back had been stable for a while and he was not taking narcotic pain medication. (Tr. 343).  Dr. Hahn, a neurosurgeon, reported after an August 2008 exam that Plaintiff does have significant moderate to severe

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -10

spondylosis, but there is no neurogenic claudication or radiculopathy on examination and, therefore, surgery is not recommended. (Tr. 335.) In January 2009, Plaintiff reported to Dr. Margraf that he is managing his back pain well with acetaminophen and nonsteroidal medication. (Tr. 352.) Again, the relatively mild course of treatment is a relevant consideration in making the credibility determination.

Finally, the ALJ pointed out that even with moderate to severe cervical and lumbar spine image findings, it has repeatedly been indicated that Plaintiff is able to work at the sedentary level. (Tr. 19.) In fact, no physician has opined that Plaintiff is unable to work due to Plaintiff's back conditions. An examining orthopedist, Dr. Bagby, determined in 2007 that Plaintiff has a severe impairment but is able to engage in sedentary work. (Tr. 276, 279, 281.) Plaintiff's treating physician, Dr. Margraf, also concluded in 2008 that despite Plaintiff's back condition, he could work at the sedentary level. (Tr. 341.) As a result, there is no evidence that Plaintiff's back problem is disabling, which is a reasonable consideration in evaluating Plaintiff's credibility.

Although Plaintiff asserts the ALJ made no findings regarding Plaintiff's testimony, the ALJ specifically determined that Plaintiff's medically determinable impairments could reasonably be expected to cause the Plaintiff's alleged symptoms, but that his statement concerning the intensity, persistence and limiting effects of those symptoms are not credible to the extent they are inconsistent with the RFC assessment. (Ct. Rec. 15 at 17-18, Tr. 19.) The ALJ considered of five permissible factors in evaluating Plaintiff's credibility. These factors constituted clear and convincing reasons supporting the negative credibility finding. Therefore, the ALJ's

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -11

credibility finding is supported by substantial evidence and the ALJ did not err.

**2.   Dr. McRae**

Plaintiff argues the ALJ failed to properly reject the opinion of Dr. McRae, and examining psychologist. (Ct. Rec. 15 at 12-14.) In disability proceedings, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion is given more weight than that of a non-examining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the opinion can only be rejected for "specific" and "legitimate" reasons that are supported by substantial evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995). Historically, the courts have recognized conflicting medical evidence, the absence of regular medical treatment during the alleged period of disability, and the lack of medical support for doctors' reports based substantially on a claimant's subjective complaints of pain as specific, legitimate reasons for disregarding a treating or examining physician's opinion. *Flaten v. Secretary of Health and Human Servs.*, 44 F.3d 1453, 1463-64 (9th Cir. 1995); *Fair*, 885 F.2d at 604.

Dr. McRae examined Plaintiff and prepared a psychological assessment in July 2007 and June 2008. (Tr. 269-71, 326-27.) He also completed two DSHS Psychological/Psychiatric Evaluation forms. (Tr. 272-75, 328-30.) Dr. McRae diagnosed mood disorder NOS and personality disorder NOS. (Tr. 271, 327.) Although he concluded that plaintiff is capable of remembering and carrying out work instructions

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -12

and tasks, Dr. McRae opined that socially, Plaintiff's personality style would distract and alienate those around him, and indicated that Plaintiff would probably leave work or be let go because of his personality. (Tr. 271.) Dr. McRae also acknowledged Plaintiff's medical problems and vocational history would be additional important factors in making a disability determination. (Tr. 271.) In 2007, Dr. McRae assessed four marked limitations and two moderate limitations; in 2008, Dr. McRae assessed three marked limitations and one moderate limitation. (Tr. 330.)

Plaintiff argues the ALJ "ignored" Dr. McRae's findings and assessed limitations. (Ct. Rec. 15 at 14.) Defendant, on the other hand, argues the ALJ did not reject Dr. McRae's report, but "interpreted Dr. McRae's assessment in light of the record as a whole" and accommodated the assessed limitations in to the RFC assessment. (Ct. Rec. 20 at 7.) The court concludes that neither position is correct, but that the ALJ did err by failing to adequately address Dr. McRae's opinions.

The ALJ described Dr. McRae's opinions in his summary of evidence and in his step four analysis. (Tr. 15-16, 20.) The ALJ rejected the limitations assessed by Dr. McRae for three reasons, but the ALJ's reasons do not constitute specific, legitimate reasons supported by substantial evidence.

The first reason given in rejecting the limitations identified by Dr. McRae is that they are not supported by the medical record. (Tr. 20.) It is insufficient for the ALJ to reject the opinion of a treating or examining physician by merely stating, without more, that there is a lack of objective medical findings in the record to support or that it is inconsistent with other evidence in the record. *See*

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -13

*Embrey v. Bowen*, 849 F.2d 418, 421 (9th Cir. 1988). Merely stating that a medical opinion is not supported by objective findings "does not achieve the level of specificity our prior cases have required" *Rodriguez v. Bowen*, 876 F.2d 759,762 (9th Cir. 1989) (citing *Embrey*, 849 F.2d at 421). Although the record in this matter is limited, the ALJ should have discussed how the evidence contradicts Dr. McRae's opinion. The ALJ referenced earlier discussion of the medical records "as outlined above," but the discussion of the medical records in the credibility analysis does not adequately address Dr. McRae's assessed limitations. (Tr. 19-20.) Thus, the first reason given for rejecting Dr. McRae's conclusions is not supported by substantial evidence.

Second, the ALJ pointed out that the limitations are not supported by Plaintiff's own reported activities. (Tr. 20.) It is appropriate to reject limitations that are inconsistent with a claimant's daily activities. *See Morgan v. Comm'r of soc. Sec. Admin.*, 169 F.3d 595, 601-02 (9th Cir. 1999). However, the ALJ does not list or suggest which of Plaintiff's activities are inconsistent with the limitations identified by Dr. McRae. While the court may make reasonable inferences from the ALJ's discussion of the evidence, the ALJ made no comment about Plaintiff's inconsistent activities elsewhere in the opinion. Although daily activities inconsistent with allegations of disability are a permissible consideration in making a credibility determination, the ALJ did not discuss Plaintiff's daily activities in that context. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (approving ALJ's consideration of claimant's daily activities in making the credibility determination). Because of the failure to discuss Plaintiff's daily activities with specificity, this reason for rejecting Dr. McRae's opinion is neither specific nor

legitimate.

Third, the ALJ noted that the limitations assessed by Dr. McRae are not supported by his accompanying report. (Tr. 20.) A medical opinion may be rejected by the ALJ if it is conclusory, contains inconsistencies, or is inadequately supported. *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009); *Thomas*, 278 F.3d at 957. However, the ALJ's limited discussion of Dr. McRae's opinion leaves the reader to speculate as to the basis for the ALJ's conclusion that Dr. McRae's report is not adequately supported. None of the facts mentioned by the ALJ particularly undermine Dr. McRae's report, although they may reflect on Plaintiff's credibility. (Tr. 15.) The ALJ noted that Plaintiff denied any difficulties, and specifically denied any problems with his bipolar diagnosis/condition; yet the court is unable to locate a record of such a denial in Dr. McRae's report. (Tr. 15, Tr. 269-71.) As a result, the ALJ's third reason for rejecting Dr. McRae's assessed limitations is not supported by substantial evidence.

In short, the ALJ's discussion of the opinion of an examining psychologist is inadequate, particularly in light of the limited evidence available. The ALJ must set forth his own interpretations and explain why they, rather than the doctors, are correct. *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007). The ALJ failed to provide specific, legitimate reasons supported by substantial evidence for rejecting the opinion of Dr. McRae.[2] This was error.[3]

---

[2]Plaintiff's briefing is unclear, but suggests that the ALJ improperly assessed the opinion of Dr. Dudley, a state reviewing psychiatrist. (Ct. Rec. 15 at 14, 21 at 1-2, Tr. 260-62.) In 2006, Dr. Dudley assessed six moderate limitations, but in written comments

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -15

There are two remedies where the ALJ fails to provide adequate reasons for rejecting the opinions of a treating or examining physician.  The general rule, found in the *Lester* line of cases, is that "we credit that opinion as a matter of law."  *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990); *Hammock v. Bowen*, 879 F.2d 498, 502 (9th Cir. 1989). Another approach is found in *McAllister v. Sullivan*, 888 F.2d 599 (9th Cir. 1989), which holds a court may remand to allow the ALJ to provide the requisite specific and legitimate reasons for disregarding the opinion.  *See also Benecke v. Barnhart*, 379 F.3d 587, 594 (9th Cir. 2004) (court has flexibility in crediting testimony if substantial questions remain as to claimant's credibility and other issues). Where evidence has been identified that may be a basis for a finding, but the findings are not articulated, remand is the proper disposition.  *Salvador v. Sullivan*, 917 F.2d 13, 15 (9th Cir. 1990) (citing *McAllister*); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1202 (9th Cir. 1990).  In this instance, remand is the proper remedy.

**CONCLUSION**

---

noted that Plaintiff has the ability to carry out simple work-related tasks in a work setting with reduced interpersonal contact. (Tr. 260-62.)  The ALJ placed Dr. Dudley's assessment with Dr. McRae's and rejected the moderate limitations in Dr. Dudley's report for the same reasons with no other discussion of the report.  (Tr. 20.)  As a result, the ALJ's analysis of Dr. Dudley's report is also inadequate.

[3]It is also noted that the ALJ stated that the "numerous 'moderate' mental capacity limitations" from Exhibit C-10F/5-6 were rejected. (Tr. 20, 273-74.)  Dr. McRae actually assessed two moderate limitations and four marked limitations.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -16

Having reviewed the record and the ALJ's findings, the court concludes the ALJ's decision is not supported by substantial evidence and is based on legal error. On remand, the ALJ should reevaluate and explain his findings regarding the opinions of Dr. McRae and Dr. Dudley. If necessary, the ALJ shall also reevaluate the RFC and step four findings. Accordingly,

**IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 14)** is **GRANTED**. The matter is remanded to the Commissioner for additional proceedings pursuant to sentence four 42 U.S.C. 405(g).

2. Defendant's Motion for Summary Judgment **(Ct. Rec. 19)** is **DENIED.**

3. An application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

DATED December 6, 2010.

                    S/ CYNTHIA IMBROGNO
                UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -17